**PARKWAY GALLERY FURNITURE, INC., Plaintiff,**

v.

**KITTINGER/PENNSYLVANIA HOUSE GROUP, INC. d/b/a Pennsylvania House, Defendant.**

**ROSE FURNITURE COMPANY, Plaintiff,**

v.

**KITTINGER/PENNSYLVANIA HOUSE GROUP, INC. d/b/a Pennsylvania House, Defendant.**

Nos. C–86–674–D, C–86–675–G.

United States District Court, M.D. North Carolina, Greensboro Division.

Aug. 17, 1988.

William Kearns Davis, Richard V. Bennett, James R. Fox, Winston–Salem, N.C., Martha A. Geer, Norman B. Smith, Greensboro, N.C., for plaintiffs.

Mark N. Poovey, Winston–Salem, N.C., for Thomasville Furniture Industries, Inc.

Thomas J. Horton, Ralph J. Savarese, Margaret M. Zwisler, Howery & Simon, Washington, D.C., James R. Hubbard, David C. Smith, Winston–Salem, N.C., Edward J. Harrison, Exec. Vice–President, Gen. Counsel, Chicago Pacific Corp., Chicago, Ill., for defendant.

## ORDER

RUSSELL A. ELIASON, United States Magistrate.

This matter comes before the Court on the motion of a non-party (Thomasville Furniture Industries, Inc., hereinafter "Thomasville") to enforce a protective order between it and the parties in this litigation. The plaintiffs in these actions are retail distributors of furniture. Defendant is a furniture manufacturer. Plaintiffs are challenging defendant's new marketing policy which restricts their area and methods of selling furniture to the public. Although not a party to this litigation, Thomasville is also a furniture manufacturer and would be interested in, if not affected by, the results of these actions.

Near the end of the discovery time period, plaintiffs sought to depose the officers of Thomasville. Because of the time constraints and plaintiffs' fear that Thomasville would not cooperate, plaintiffs agreed to a broad protective order prepared by Thomasville. All parties signed and the Court approved it.

The Thomasville protective order provides that the entire deposition testimony of the two Thomasville officers could be designated confidential. Should this occur, persons other than counsel for the parties and Thomasville, the court reporter, and outside experts, could be excluded from the depositions. Additionally, the protective order requires that all confidential testimony or documents be identified by Thomasville's counsel within ten days after their receipt of the correction copy of the transcripts. Thereafter, such information may not be disclosed to anyone other than counsel for the parties and their support staff, and to experts under certain controlled conditions. The protective order requires anyone wishing to make a disclosure to show good cause for challenging the confidential designation. Finally, paragraph no. 8 provides: "No information provided by Starr, Burr, Thomasville or any other Thomasville employee or representative, whether or not designated as CONFIDENTIAL INFORMATION, shall be used by any person for any purpose other than preparing or assisting counsel for the parties in preparing this action for trial." The depositions of the two Thomasville officers took place without incident. No confidentiality designation was invoked or placed on the deposition transcripts.

In the course of preparing one of their principal witnesses, Hubert Tolson of Turner–Tolson Furniture Company, plaintiffs' counsel showed him the Thomasville depositions. Tolson was allowed to review the deposition transcripts and, in fact, was given a copy of them, along with other non-confidential material and pleadings in plaintiffs' file. Turner–Tolson is a retail furniture dealer as are the plaintiffs in this suit. Approximately one year after the protective order was entered, Turner–Tolson and other furniture dealers brought an action,

somewhat similar to the instant one, against Thomasville in the United States District Court for the Eastern District of North Carolina. None of the counsel in these actions are counsel for the parties in that lawsuit. While Rose Furniture (plaintiff in C–86–675–G) is a plaintiff in the Thomasville action, none of its officers or agents participated in releasing the deposition information to Tolson.

Thomasville comes before this Court alleging that plaintiffs or their counsel violated this Court's protective order, demanding an investigation and requesting sanctions. The Court conducted a telephonic hearing on July 21, 1988 with counsel in order to establish the facts. At that hearing, Thomasville requested the following relief: that the Court order that the two Thomasville depositions be returned to them as a sanction for their misuse, and that the Court enter an order stating that the use of those depositions in any other litigation violates this Court's order.

*Discussion*

Plaintiffs argue that they did not violate the protective order because Thomasville never designated any part of the depositions as being confidential. As a result, they claim entitlement to show the deposition transcripts to anyone. Thomasville cannot dispute this argument, but points to paragraph no. 8 of the protective order stating that any information provided by Thomasville, whether designated as confidential or not, shall only be used for purposes of the instant litigation. Thomasville retorts that this provision should be interpreted to mean that while counsel for plaintiffs could show the depositions to other interested persons, they should not have supplied copies, particularly when there was a likelihood that this person would use the information in a lawsuit against Thomasville. According to Thomasville, plaintiffs' counsel should have foreseen this possibility and if the action of plaintiffs' counsel in giving the Thomasville depositions to Tolson did not violate the letter of the agreement, then their actions violated the spirit of it. Plaintiffs maintain they have

done nothing wrong since they did not make use of the depositions and that nothing in the protective order prohibited Mr. Tolson from using them since he was not a signatory party.

■ While Thomasville does not specify the basis for requesting the Court to entertain its motion, Rule 37(b), Fed.R. Civ.P., may be used to impose sanctions on either a party or non-party. *See* Rule 37(a)(1), Fed.R.Civ.P. The Court also has inherent power to impose sanctions on parties, non-parties or attorneys who violate discovery orders. *See In re Howe*, 800 F.2d 1251 (4th Cir.1986)(attorneys).

■ In order to determine whether sanctions should be imposed, the Court must first examine the nature of the protective order, the degree of violation, if any, and whether public policy generally supports or disfavors enforcement of the protective order. The protective order under consideration amounts to little more than a Rule 29, Fed.R.Civ.P., stipulation. Neither party made a motion for a protective order nor was the Court presented with any evidence to support such a motion. Rather, the Court was merely presented with their stipulated order. In addition to signing the order, the Court *sua sponte* entered a routine supplemental protective order which informed the parties that by approving their Stipulation, the Court was not ruling that any discovery designated confidential was, in fact, confidential, and that notwithstanding any provision in their Stipulation, the person making the confidentiality designation at all times bears the burden of supporting that decision. The supplemental protective order makes it abundantly clear that the Court approves such stipulated protective orders only to the extent that it facilitates discovery between them. To the extent the parties wish to make motions to the Court and rely upon the designations of confidentiality, the Court requires the party who supports the confidentiality designation to prove the grounds for that position. *See Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249 (4th Cir.1988).

Plaintiffs not only claim they have not violated the protective order, but also, even if they did, the stipulation was improvidently entered into and compelled both by the need to quickly complete discovery and the intransigence of Thomasville in agreeing to the depositions. Further, plaintiffs argue that the restriction on the use of the depositions does not deserve protection or merit sanctions.

■ When a party willingly accedes to the entry of a stipulated protective order, the Court will be hesitant to relieve that party of its obligations, particularly when the other party produced discovery in reliance on their agreement. *Omega Homes, Inc. v. Citicorp. Acceptance Co.*, 656 F.Supp. 393 (W.D.Va.1987). However, a court will consider granting relief from an improvident agreement, especially when the agreement disserves public policy such as that which favors full discovery and disposition of litigation on the merits. *See In re Westinghouse Elec. Corp., etc.*, 570 F.2d 899, 902 (10th Cir.1978). Therefore, when the agreement appears to be particularly inequitable, the Court may always examine the protective order to determine whether it was proper in the first instance and modify or vacate such an order on the grounds of being improper *ab initio*. *Id.*

■ The Court rejects plaintiffs' argument that the protective order should be declared a nullity because Thomasville coerced them into signing it. The evidence fails to disclose any duress, or coercion and overreaching by Thomasville. All that appears is that Thomasville demanded a protective order as a condition for its removing its objections to the deposition subpoenas. It was not responsible for the time-pinch in which plaintiffs found themselves.

The Court next examines whether plaintiffs should be relieved of the burden of the protective order because it disserves public policy or is otherwise manifestly inequitable. In that regard, plaintiffs complain that the breadth of the protective order makes it unfair.

■ Blanket or umbrella protective orders are becoming increasingly common

as large scale litigation involves more massive document exchanges. Such protective orders may be entered even without stipulation by the parties, so long as certain conditions are met. First, a party must make some threshold showing of good cause to believe that discovery will involve confidential or protected information. This may be done on a generalized as opposed to a document-by-document basis. Moreover, even though a blanket protective order permits all documents to be designated as confidential, a party must agree to only invoke the designation in good faith. After receiving documents, the opposing party has the right to contest those documents which it believes not to be confidential. At this stage, the party seeking the protection shoulders the burden of proof in justifying retaining the confidentiality designation. Thus, the burden of proving confidentiality never shifts from the party asserting that claim—only the burden of raising that issue. *Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108 (3d Cir.1986) (*Cipollone* I), *on remand* 113 F.R.D. 86 (D.N.J.1986), *mandamus denied* 822 F.2d 335 (3d Cir.1987), (*Cipollone* II), *cert. denied,* — U.S. —, 108 S.Ct. 487, 98 L.Ed.2d 485 (1988)); *see also Alexander Grant & Co., Litigation,* 820 F.2d 352 (11th Cir.1987).

In the instant case, because the parties agreed to a stipulated protective order, they were not required to make a generalized, threshold showing of good cause to support the protective order as required by Rule 26(c), Fed.R.Civ.P.[1] The only evidence of cause is the statement in the stipulation itself which declares that counsel for Thomasville have indicated that certain documents and information sought by the deposition subpoena might reveal confidential commercial information which would support the entry of a protective order. While this statement does not have any evidentiary support, it does reflect a matter which would be a proper concern for a protective order.

■ Next, the Court examines the nature of the alleged violation by plaintiffs'

counsel. In determining whether to enforce a blanket protective order, even though confidentiality has not been established, an important factor is whether a party has relied upon the protective order in producing documents. To the extent a party has relied on the protective order for a significant period of time, the Court may require a reduced showing of good cause in order to continue with the protective order. *See Tavoulareas v. Washington Post Co.,* 111 F.R.D. 653 (D.D.C.1986). However, a finding of reliance will be counterbalanced if actual confidentiality of the information has not been shown and, to the extent the protective order grants exceptionally pervasive protection, the Court will be less willing to enforce it. *See In re Agent Orange Product Liability Litigation,* 821 F.2d 139 (2d Cir.1987).

■ In the instant case, Thomasville clearly relied upon the protective order prior to submitting its employees to deposition. However, this reliance is only entitled to reduced deference because no confidential information, in fact, was released. This case may be distinguished from those where a massive amount of mixed confidential and non-confidential information has been released in reliance on a protective order. *Compare Omega Homes, Inc. v. Citicorp. Acceptance Co., supra.* The Court is also less willing to impose sanctions for violation of a provision of a protective order which falls outside of the purpose of procuring that protection. The order is exceedingly broad and, under Thomasville's interpretation, not only prevents disclosure of confidential information, but prohibits use of any information of any kind in other litigation. Yet, this is not even the stated purpose of the protective order which is limited to protecting confidential information.

Even if Thomasville had listed the purpose of the protective order as limiting the discovery information to this litigation, that would not entirely resolve the problem. Public policy disfavors such a restriction. As the Third Circuit said in *Cipollone* II, a

---

1. This case does not present an issue of whether a threshold evidentiary showing is required for stipulated protective orders. Neither side has raised the issue and the Court does not decide it.

party needs to present good cause for prohibiting the dissemination of non-confidential discovery information or from prohibiting the utilization of such discovery in other litigation (822 F.2d at 341). The sharing of information between the parties usually promotes efficient and inexpensive litigation, conserves judicial resources, and serves to counterbalance uneven financial resources which may otherwise deny access to justice to the more financially modest party. *Burlington Bd. of Ed. v. U.S. Mineral Prod. Co.*, 115 F.R.D. 188, 190 (M.D. N.C.1987).

In conclusion, the Court does not find that Thomasville is entitled to an order imposing sanctions on plaintiffs for violation of the stipulated protective order. First, the order itself is ambiguous. Thomasville did not designate the depositions to be confidential. Therefore, plaintiffs could show them to anyone. Yet, the order also forbade plaintiffs from using the information except in the instant litigation. Plaintiffs' counsel did not violate the literal terms of the order by showing the depositions to Mr. Tolson. At most they violated the spirit of it by giving him copies of the depositions. The Court does not find this violation to be one which deserves sanctions. Thomasville's reliance upon the protective order has been minimal in that it is not long-standing and only concerns the two depositions. While the protective order prohibits using the information in other lawsuits, that was not one of its stated purposes nor has Thomasville ever demonstrated good cause for such a purpose. All of these factors persuade the Court that Thomasville's motion for sanctions should be denied.

IT IS THEREFORE ORDERED that Thomasville's motion that plaintiffs or plaintiffs' attorneys be sanctioned for releasing information contrary to a stipulated protective order entered between them and approved by the Court is hereby denied.