962 F.2d 8
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Robert Tyrone MORGAN, Defendant-Appellant.
 No. 91-7192.
 United States Court of Appeals,
Fourth Circuit.
 Argued: March 6, 1992
Decided: May 15, 1992
 
 1
 Argued: William F. Fox, Jr., The Catholic University Of America School of Las, Washington, D.C., for Appellant.
 
 
 2
 Juliet Ann Eurich, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 
 
 3
 On Brief: Richard D. Bennett, United States Attorney, Baltimore, Maryland; Bonnie L. Gay, Executive Office for United States Attorneys, United States Department of Justice, Washington, D.C., for Appellee.
 
 
 4
 Before RUSSELL, Circuit Judge, WILLIAMS, United States District Judge for the Eastern District of Virginia, sitting by designation, and BLATT, Senior United States District Judge for the District of South Carolina, sitting by designation.
 
 OPINION
 WILLIAMS, District Judge:
 
 5
 Appellant Robert Tyrone Morgan ("Morgan") appeals the Memorandum and Order of the district court clarifying the intent of its sealing order and denying the appellant's motion to remove the seal.
 
 I.
 
 6
 Robert Morgan, together with Gilbert Clark and Shadid Abdul Rahim, were convicted of armed bank robbery on December 8, 1983. Each of the defendants was sentenced by Judge Harvey to twenty-five years imprisonment. An appeal to this Court was taken by each of the defendants, and their convictions were affirmed in a per curiam opinion. United States v. Morgan, 779 F.2d 47 (4th Cir. 1985) (per curiam), cert. denied, 476 U.S. 1122 (1986).
 
 
 7
 The defendants then began filing a series of pro se motions with the sentencing court. Nine of these motions were addressed by the sentencing court in a March 24, 1987, Memorandum and Order. United States v. Clark, No. H-83-00351 (D. Md. Mar. 24, 1987). One of the issues raised by the motions was the discovery and production of rough notes taken by FBI Special Agent Kent Stout during or immediately after an interview with one of the government witnesses, Douglas Bell.[1] The court, after reviewing the materials in camera and comparing them to the FBI 302 Report, ruled that the rough notes were "not discoverable as either Jencks or Brady materials." Id. at 8.
 
 
 8
 The defendants again appealed these adverse rulings. During the pendency of that appeal, the defendants filed a motion for correction or modification of the record under Fed. R. App. P. 10(e). The sentencing court granted the motion on September 15, 1987. As a result, the court placed three documents under seal and made them a part of the record: (1) a letter from Assistant United States Attorney Max H. Lauten, dated March 27, 1987, to the court; (2) the FBI 302 Report, dated August 22, 1983; and (3) the FBI agent's rough notes, dated August 22, 1983. On July 5, 1988, this Court affirmed the sentencing court's denial of the various motions, including its refusal to produce the rough FBI notes. United States v. Clark, No. 87-7188 (4th Cir. July 5, 1988) (per curiam).
 
 
 9
 At some point during that summer, Morgan filed an additional motion with this Court to unseal the documents. That motion was denied by an Order of this Court on August 17, 1988. In re Morgan, No. 87-8043 (4th Cir. Aug. 17, 1988). In April of 1989, all three defendants filed motions under 28 U.S.C. § 2255 to vacate their sentences. In these motions, the defendants again raised the issue of Douglas Bell's testimony and the rough FBI notes. These motions were denied by the sentencing court on September 18, 1989, and that decision affirmed by this Court on October 18, 1990.
 
 
 10
 In the meantime, Morgan began pursuing a separate avenue for obtaining the rough notes. In late August of 1988, Morgan filed a request for the documents under the Freedom of Information Act, 5 U.S.C. § 552 (hereinafter "FOIA"), which was eventually litigated in the United States District Court for the District of Columbia. The D.C District Court granted summary judgment for the government based on Judge Harvey's order sealing the documents. Morgan v. United States Dep't of Justice, No. 89-0527 (D.D.C. Oct. 13, 1989). On appeal the United States Court of Appeals for the District of Columbia Circuit reversed and remanded the case. Morgan v. United States Dep't of Justice, 923 F.2d 195 (D.C. Cir. 1991). The D.C. Circuit held that the mere existence of the seal was not enough to bar disclosure. Rather, it held that "the proper test for determining whether an agency improperly withholds records under seal is whether the seal, like an injunction, prohibits the agency from disclosing the records." Id. at 197. The D.C. Circuit went on to state that determining the intent of the order sealing the documents might require a motion by the Department of Justice for clarification from the court that had ordered the documents sealed. Accordingly, the D.C. Circuit gave the D.C. District Court leave to stay proceedings pending such a clarification. Id. at 198.
 
 
 11
 Pursuant to these directives, the government filed a motion with the sentencing court for a clarification of the order sealing the agent's rough notes. This motion was filed on or about April 29, 1991, and supplemented by an additional memorandum on June 10, 1991. Morgan, in response, filed a motion on June 24, 1991, requesting that the seal be removed. On July 3, Judge Harvey issued a Memorandum and Order granting the motion of the United States for clarification and denying Morgan's motion to remove the seal. United States v. Morgan, No. H-83-00351 (D. Md. July 3, 1991). In particular, the court clarified the issue of intent by holding that the "sealing Order, which was affirmed when the Fourth Circuit declined to unseal the notes, was intended to operate as the functional equivalent of an injunction prohibiting disclosure of the matters under seal." Id. at 5. The court went on to deny Morgan's motion to remove the seal on the ground that Morgan "has not here met his burden of showing that circumstances have changed and that reasons now exist for this Court to reconsider its prior ruling.... [M]atters today remain in the same posture as they were when this Court entered its Order of September 16, 1987 and when the Fourth Circuit refused to unseal the Agent's notes on August 17, 1988." Id. at 6.
 
 II.
 
 12
 There is some dispute among the parties as to what is the appropriate standard of review. Appellant Morgan suggests that the majority of the issues in the instant case should be subject to de novo review. The government, in contrast, argues that the appropriate standard of review is abuse of discretion.
 
 
 13
 In resolving this issue, it is important to recognize what this case is, and is not, about. This Court is not called upon to determine the propriety of releasing the documents under FOIA. Morgan has a FOIA request pending only in the D.C. District Court. It would constitute a grave breach of comity for this Court to presume to decide an issue which is properly pending before a separate court and which has not properly been raised in this Court.
 
 
 14
 In addition, the issue before this Court is not the propriety of the district court's original decision to place the documents under seal. This Court has already ruled on the precise issues of whether the rough notes should have been discoverable and whether the order sealing the rough notes was appropriate. See United States v. Clark, No. 87-7188, slip op. at 4-5 (4th Cir. July 5, 1988) (per curium); In re Morgan, No. 87-8043 (4th Cir. Aug. 17, 1988). Any attempt to relitigate those specific issues is barred by this Court's previous rulings. See Allen v. McCurry, 449 U.S. 90, 94 (1980); Keith v. Aldridge, 900 F.2d 736, 739 (4th Cir.), cert. denied, 112 L. Ed. 2d 215 (1990).
 
 
 15
 The only issues before this Court are (1) the district court's determination of the original intent of the sealing order; and (2) the decision not to remove the seal. On these limited issues, the appropriate standard of review is abuse of discretion. Cf. In re Application and Affidavit for a Search Warrant, 923 F.2d 324, 326 (4th Cir.), cert. denied, 114 L. Ed. 2d 484 (1991); Baltimore Sun Co. v. Goetz, 886 F.2d 60, 65 (4th Cir. 1989); Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988).
 
 III.
 
 16
 The Appellant's argument that the district court's determination of its intent in ordering the seal requires an intricate, multifactor analysis is mistaken. As the district court realized, the question before it was a narrow one: to determine whether the district court "issued the sealing order with the intention of prohibiting the United States from releasing the rough notes under any circumstances or whether the intention of the Court in issuing the sealing order was more limited; i.e., only to protect the rough notes from disclosure as part of the public record in the criminal case." Supplemental Memorandum of the United States, Joint Appendix, at 30-31. Obviously, no one is in a better position to determine the original intent of the sealing order than the judge who ordered the documents sealed. The appellant argues, however, that determining intent requires, what amounts to, a de novo review of the sealing order. Whatever merit such a requirement might have when a new judge is forced to divine the intent of his or her predecessor, there is little or nothing to be gained by requiring the original judge to go through these procedural hoops. Judge Harvey assumedly recalls what his original intention was, and absent strong evidence to the contrary-and no such evidence has been offered-we have no reason to question the bona fides of that recollection.
 
 IV.
 
 17
 Similarly, we find no abuse of discretion in the lower court's decision to deny appellant's motion to remove the seal. The appellant is correct that judicial seals are generally disfavored, the presumption being in favor of public access. See Stone v. University of Md. Medical Sys. Corp., 855 F.2d 178, 180, 182 (4th Cir. 1988). As such, there is some merit to his argument that an order sealing documents should not necessarily continue in perpetuity. Cf. Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988); Olympic Refining Co. v. Carter, 332 F.2d 260, 264-66 (9th Cir.), cert. denied, 379 U.S. 900 (1964). At the same time, however, there must be some limit to a party's[2] ability to repeatedly litigate the same issue. Cf. Allen v. McCurry, 449 U.S. at 94 ("As this Court and other courts have often recognized, res judicata and collateral estoppel relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourages reliance on adjudication."). At a minimum,[3] these concerns strongly counsel against requiring the full analysis argued for by the appellant. Requiring the full complement of procedural requirements set forth in In re Knight Publishing Co., 743 F.2d 231, 235 (4th Cir. 1984), would amount to a full and complete relitigation of the issue every time a motion was made to unseal the documents. We believe a more appropriate balance was drawn by the court below. Where the motion is brought by a party that has had a full opportunity to litigate the initial imposition of the seal, the appropriate threshold question is whether or not that party has shown a change in circumstances sufficient to warrant a reconsideration of the seal. The appellant has presented no facts that would lead us to conclude that the district court's determination that the defendant failed to show a change in circumstances warranting reconsideration of the order was erroneous or an abuse of discretion.
 
 
 18
 Accordingly, the orders of the district court clarifying the intent of the order sealing the documents and denying the appellant's motion to remove the seal are
 
 
 19
 AFFIRMED.
 
 
 
 [1]
 These notes were incorporated into a formal report of the interview known as an FBI 302 Report. The defendants were provided copies of the FBI 302 Report prior to trial in accordance with the government's general practice in the district
 
 
 [2]
 The ability of new and different parties to raise their interests in the documents under seal presents a separate question. See Olympic Refining Co., 332 F.2d at 264-66 (reversing the refusal to vacate a prior order sealing documents so that a later litigant could have the discovery necessary to its case)
 
 
 [3]
 We do not consider the government's argument that Morgan's motion to remove the seal is barred by principles of res judicata and collateral estoppel; those arguments were neither raised in a timely manner in the court below nor addressed by that court. See, e.g., Thurston v. United States, 810 F.2d 438, 444 (4th Cir. 1987); Kinty v. United Mine Workers, 544 F.2d 706, 722 (4th Cir. 1976), cert. denied, 429 U.S. 1093 (1977)