**DOCTOR'S HOSPITAL OF JEFFERSON, INC.**

v.

**SOUTHEAST MEDICAL ALLIANCE, INC., and Jefferson Parish Hospital Service District No. 2.**

Civ. A. No. 93–2493.

United States District Court,
E.D. Louisiana.

Feb. 9, 1995.

Gene W. Lafitte, Sr., Frank E. Massengale, Marie Breaux, Shannon Skelton Holtzman, Liskow & Lewis, New Orleans, LA, for Doctor's Hosp. of Jefferson, Inc.

Peter Joseph Butler, Donna DiMartino Fraiche, Aubrey B. Hirsch, Jr., Peter J. Butler, Jr., Richard G. Passler, Locke, Purnell, Rain & Harrell, P.C., Michael M. Meunier, Sullivan, Stolier & Daigle, Danielle Lombardo Trostorff, Lock, Purnell, Rain & Harrell, P.C., New Orleans, LA, for Southeast Medical Alliance, Inc.

Harry Simms Hardin, III, Howard Earl Sinor, Jr., Katy Kimbell Theriot, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, LA, Lucas Joseph Giordano, East Jefferson General Hosp., Gen. Counsel, Metairie, LA, for Jefferson Parish Hosp. Service Dist. No. 2.

## ORDER AND REASONS

JONES, District Judge.

Pending before the Court are five motions in limine filed by plaintiff Doctor's Hospital of Jefferson, Inc. (hereinafter "Doctor's Hospital"). These motions were previously taken under submission without oral argument. Having reviewed the memoranda of the parties, the record and the applicable law, the Court grants one motion in part and denies the remainder of that motion and all other motions.

### Background

Doctor's Hospital filed this lawsuit against Southeast Medical Alliance, Inc. (hereinafter "SMA") and Jefferson Parish Hospital Service District No. 2, more commonly known as East Jefferson Hospital. Doctor's Hospital alleged violations of federal and state antitrust laws, the Louisiana Unfair Trade Practices and Consumer Protection Act, civil conspiracy, tortious interference with business relations and breach of contract.

Prior to the previous trial setting, Doctor's Hospital filed five motions in limine. Because the trial was continued, the judge of the section to which this case had been allotted did not rule on those motions. Subsequently, the case was transferred to this section. Trial in this matter is set for April 20, 1995.

A. Motion in Limine and/or for Protective Order to Prevent Violation of the Court's Pretrial Order

In its supplemental memorandum in support of its motions in limine (Document 213), plaintiff has withdrawn this motion. Therefore, plaintiff's motion is denied as moot.

B. Motion in Limine to Lift Protective Order

■ According to plaintiff's supplemental memorandum in support of its motions in limine, plaintiff has modified its request to lift the protective order entered in this matter, only seeking that the protective order be lifted as to exhibits previously prepared for trial. Plaintiff argues that once a protective order is entered, it is not immutable, citing *Beckman Industries, Inc. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir.1992). Further, Doctor's Hospital contends that the documents at issue are truly not confidential and the marking of documents as such has hampered trial preparation and will hamper the orderly administration of trial.

In opposition, defendants concede that plaintiff's modification of its motion reduces the "universe of documents" at issue but argues that the trial exhibits are several hundred documents that fill eight binders. Defendants are willing to consider lifting the Protective Order as to certain documents if Doctor's Hospital identifies these documents. Otherwise, defendants argue, the Protective Order itself provides for a mechanism to seek the Court's intervention.

On August 27, 1993, the parties jointly moved for the entry of the Protective Order at issue. (Document 27.) The judge of the section to which this matter had been allotted entered the order on August 31, 1993. (Document 28.) Section 3 of the Protective Order, entitled "Objections to Designation," provides that whenever a party objects to material being designated "Confidential Information," that party may apply to the Court for a hearing on whether such a designation is appropriate. The order further provides that the burden is on the party opposing the designation to show that the protective order should not apply.

While plaintiff has narrowed its request for lifting of the protective order, plaintiff has not identified specifically which documents it believes should not fall under the Protective Order. Further, Doctor's Hospital has not availed itself of the specific procedure to which it agreed by jointly moving to enter the Protective Order.

*Beckman* approved the modification of a protective order from a prior case that had been compromised in order that later intervenors could have access to six depositions. *Id.* at 471–72. In affirming, however; the Ninth Circuit panel recognized that one concern in modifying a protective order is the "reliance interests of the party opposing modification." *Id.* at 475. "The extent to which a party can rely on a protective order should depend on the extent to which the order induced the party to allow discovery or settle the case." *Id.*

Although the *Beckman* court found that reliance is less of a factor when a blanket protective order is issued, as here, *Beckman* is inapposite factually. In *Beckman* not only were the movers seeking a modification of a protective order from a case that had settled but also the documents at issue were specifically identified. Here plaintiff seeks modification of a protective order which it freely entered into without specifically identifying documents which it believes do not fall within the scope of the Protective Order.

Therefore, plaintiff's motion is denied without prejudice to revisit the issue in accord with the provisions of the Protective Order. Of course, should plaintiff identify documents which it believes should not be covered by the Protective Order, the Court encourages all parties to make a good-faith effort to determine if documents needlessly fall within the Protective Order.

### C. Motion in Limine to Exclude Certain Expert Testimony

■ Plaintiff moves to prevent the alleged improper introduction of survey evidence at trial through East Jefferson Hospital's expert, Dr. Hugh W. Long. Plaintiff also moves to prevent "mere commentary and argument" of Dr. Long from being offered in the guise of expert economic opinion.[1] Defendants argue that they do not seek to introduce survey testimony and that Dr. Long will not offer any attorney comment or argument as expert opinion. The Court addresses these issues in turn.

According to defendants' memorandum in opposition to this motion in limine, defendants intend to offer Dr. Long as an expert in the field of health care and economics who will testify on the general business practices of managed care plans, basing his opinion partly on interviews with representatives of managed care plans. (Document 205, p. 2, and Document 210, p. 4.) The pertinent portion of Dr. Long's expert report in regard to the alleged survey evidence is as follows:

In my national educational and regulatory activities, I routinely interact with leaders in managed care networks. Recently, in conjunction with an academic inquiry into the implications of "any willing provider" initiatives for managed care networks, I have also talked with the executive directors (or equivalent title) representing about three-quarters of the enrollments in PPOs serving the New Orleans metropolitan area. Hence, I have a current knowledge of actual PPO business practices at both the national and local levels.

(Exh. A, attached to Plaintiff's Memorandum in Support of Motion in Limine to Exclude Certain Expert Testimony, Document 169.)

Plaintiff argues that these informal conversations do not adequately meet the requirements of a formal survey as required in this circuit. *See, e.g., TDC Electronics, Inc. v. Jack B. Harper Contractor,* 1992 WL 319490 *2 (E.D.La.1992), citing *Amstar Corp. v. Domino's Pizza, Inc.,* 615 F.2d 252, 264 (5th Cir.1980). Plaintiff concedes the aptness of defendants' opposition that experts can rely on facts not ordinarily admissible, such as hearsay, *see, e.g., Mac Sales v. E.I. DuPont de Nemours and Co.,* 1992 WL 396864 *4 (E.D.La.1992) (E.D.La.1992). However,

---

1. Plaintiff also had moved to prevent testimony not presented in defendants' expert reports, but plaintiff has withdrawn this motion in its supplemental memorandum.

plaintiff argues that these interviews are inherently unreliable.

Rule 703 of the Federal Rules of Evidence states:

> The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence.

Plaintiff has not shown that the interviews held by Dr. Long are not an information-gathering device reasonably relied on by experts such as Dr. Long. Further, the survey cases cited by plaintiff are inapposite as those surveys dealt with ultimate factual issues of confusion in trademark infringement cases. *See, e.g., Amstar Corp., supra.* Additionally, the Court finds that the interviews upon which Dr. Long bases his opinion go more toward the weight rather than admissibility of his opinion. Therefore, the motion is denied on this issue.

■ Doctor's Hospital also seeks to exclude Dr. Long's anticipated testimony in which he concludes that defendants exercised sound business judgment. (Exh. B, Document 169.) In its supplemental memorandum (Document 213) plaintiff specifically points to Dr. Long's discussion of a disputed memorandum written by an SMA officer. (*Id.*, n. 38.)

The Court finds that the portion of Dr. Long's expert report on which his anticipated testimony is based is not objectionable. Dr. Long reviewed the discovery in this matter and based an opinion on that discovery. The specific objection raised by plaintiff in regard to the disputed memorandum also falls short. From a review of this report, the Court finds that Dr. Long is basing his conclusions on discovery and is not attempting to testify as to the memorandum writer's state of mind. Therefore, plaintiff's motion in limine on this issue also is denied.

### D. Motion in Limine to Preclude Improper Questions to Lay Witnesses

Plaintiff moves for exclusion of any questions of its witnesses relating to the operation, mechanics or theory of a preferred provider organization such as SMA, specifically hypothetical questions beyond the scope of these witnesses' knowledge or experience. Defendants argue that it is premature to determine, out of context, whether such questions are beyond the scope of the witnesses' knowledge or experience. Defendants further argue that the board members and officers of Doctor's Hospital had knowledge of managed care from having participated in such plans, or, if they did not have such knowledge, that lack of knowledge is relevant given their involvement with managed care.

Rule 602 of the Federal Rules of Evidence limits a witness's testimony to that within his or her personal knowledge. Rule 701 permits a fact witness to give opinions when those opinions are "rationally based on the perception of the witness and ... helpful to a clear understanding of the witness's testimony of the determination of a fact in issue." *See Washington v. Dept. of Transportation,* 8 F.3d 296, 300 (5th Cir.1993).

■ Here, although plaintiff is correct that motions in limine can be raised based on discovery and are not always premature, a determination as to whether proper questions are asked of plaintiff's lay witnesses must await the context in which they are asked. Certainly, this Court will not permit a lay witness to speculate or give an opinion unless it is based on his or her own perception *and* helpful to the factfinding process. However, in view of the allegations made in this case, defendants will be permitted some leeway to probe the knowledge of plaintiff's officers and board members. Such evidence is relevant to the ultimate determination of fact.

Therefore, plaintiff's motion is denied.

### E. Motion in Limine to Exclude Evidence Related to Patient Complaints About Medical Services at Doctor's Hospital

■ Plaintiff's final motion seeks to exclude evidence relating to patient complaints

about the quality of medical services at Doctor's Hospital as being unfairly prejudicial, confusing and misleading under Fed.R.Evid. 403. This anticipated evidence centers around seven exhibits relating to two patient complaints about services. (Document 168, pp. 2–4.) Defendants counter that SMA's board chairman at the time of the events which give rise to this lawsuit, Mr. Byron Harrell, testified at his deposition that the quality of medical services was a factor in his decision to terminate SMA's relationship with Doctor's Hospital. As a result, defendants argue, the documentary evidence is relevant should plaintiff attempt to impeach Mr. Harrell's testimony.[2]

Rule 403 of the Federal Rules of Evidence states, in pertinent part: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury...." The rule's "major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. McRae*, 593 F.2d 700, 707 (5th Cir.1979).

In this case, because the former SMA board chairman testified that patient quality was a factor in his decision to terminate SMA's relationship with Doctor's Hospital, that testimony is relevant and not unduly prejudicial. However, at his deposition, Mr. Harrell also testified that he had not received any written report or writing of any other type indicating that Doctor's Hospital had quality problems. (Deposition testimony of Byron Harrell, p. 136, Exh. 1, Document 168.) The only information Mr. Harrell received in regard to patient quality problems at Doctor's Hospital was told to him by the SMA President. (*Id.*, p. 139–40.)

Because Mr. Harrell did not base his decision on any documents but only on what the SMA president informed him, the Court finds that the probative value of the documentary evidence in regard to patient quality complaints at Doctor's Hospital would be substantially outweighed by the prejudice of

these documents. Therefore, defendant's motion in limine is granted in regard to the documentary evidence of patient complaints at Doctor's Hospital but denied in regard to testimonial evidence by Mr. Harrell about quality complaints.

Accordingly,

**IT IS ORDERED** that plaintiff's Motion in Limine and/or for Protective Order to Prevent Violation of the Court's Pretrial Order **BE** and **IS HEREBY DENIED** as **MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's Motion in Limine to Lift Protective Order **BE** and **IS HEREBY DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff's Motion in Limine to Exclude Certain Expert Testimony **BE** and **IS HEREBY DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion in Limine to Preclude Improper Questions to Lay Witnesses **BE** and **IS HEREBY DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion in Limine to Exclude Evidence Related to Patient Complaints About Medical Services at Doctor's Hospital **BE** and **IS HEREBY GRANTED IN PART** and **DENIED IN PART**.

---

2. Plaintiff also argues that allowing the evidence to be introduced is unfair because the United States Magistrate Judge refused to grant its motion to compel the production of documents against defendants for similar documents about quality care. Because Doctor's Hospital did not seek review of the Magistrate Judge's ruling, the Court does not address that issue.