STATE OF WEST VIRGINIA, Plaintiff,

v.

Arch A. MOORE, Jr., et al., Defendants.

Civ. A. No. 2:90–0747.

United States District Court,
S.D. West Virginia,
Charleston Division.

Oct. 4, 1995.

Suzanne M. Weise, Rudolph L. DiTrapano, Ditrapano & Jackson, Charleston, WV, for Movants, The Daily Gazette Company and The Associated Press.

## MEMORANDUM OPINION

RICHARD L. WILLIAMS, Senior District Judge.

This matter is before the Court on the motion for clarification or interpretation of this Court's order of August 14, 1995 brought by The Daily Gazette Company, Inc. and the Associated Press, pursuant to Fed.R.Civ.P. 60. For the reasons stated below, this Court modifies its protective order of December 30, 1991, to the extent necessary to permit the release of the excerpts of Arch A. Moore, Jr.'s depositions filed with the Court in support of motions by the parties, dismisses the motion for clarification or interpretation of the Court's order of August 14, 1995, for lack of standing, and deems the deposition of Arch A. Moore, Jr. taken on January 15 and 16, 1992, confidential under the Court's protective order of December 30, 1991.

### I.

This matter commenced over five years ago with the filing of the complaint by the State of West Virginia on August 2, 1990, seeking civil recovery for certain alleged corrupt acts by Arch A. Moore, Jr. while he was Governor of West Virginia. During the course of discovery, Moore's deposition was taken twice, on January 15 and 16, 1992, and on July 20, 1995. A settlement agreement was reached between the parties on July 31, 1995.

On August 8, 1995, The Daily Gazette Company, Inc. ("Daily Gazette") and the Associated Press ("AP") filed a motion to intervene, seeking access to Moore's depositions and to the grand jury testimony of Paul Kizer. On August 14, 1995, this Court granted the Daily Gazette's and AP's motion to intervene, but ruled that as the depositions had never been filed with the Court, the Court had no authority to order their disclosure. Insofar as excerpts of the depositions were filed with the Court in support of motions by the parties, this Court ordered all such excerpts unsealed within five (5) days.

With regard to the grand jury testimony, this Court upheld its protective orders of October 13, 1993 and May 17, 1995 as the law of the case, and stated that grand jury materials must be handled in conformity therewith.

The Daily Gazette and the AP then, on September 8, 1995, filed a motion for clarification or interpretation of the Court's order of August 14, 1995. They argued that the order left unclear whether West Virginia could release the depositions. The correspondence attached as exhibits to the motion shows that Moore views the depositions as falling under the protective order issued by this Court on December 30, 1991. West Virginia disagrees, but considers its conduct bound by the terms of the protective order. That order allows either party to designate documents and depositions as confidential under it, whereby the material in question will be treated as confidential unless a party objects at the time and submits the matter to the Court within ten (10) days thereafter. Thus, absent a ruling from this Court that the depositions are not confidential, West Virginia is unwilling to release them.

The Daily Gazette and the AP argue that the depositions are not subject to the protective order of December 30, 1991, and that therefore West Virginia should be allowed to release them. This Court need not address their contention, however, because they lack standing to bring this motion.

## II.

■ "Under common law, there is a presumption of access accorded to judicial records." *Rushford v. New Yorker Magazine, Inc.,* 846 F.2d 249, 253 (4th Cir.1988); *accord Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597, 98 S.Ct. 1306, 1311, 55 L.Ed.2d 570 (1978); *Stone v. University of Md. Medical Sys. Corp.,* 855 F.2d 178, 180 (4th Cir. 1988). The question in the instant case is whether the depositions at issue are judicial documents.

■ The Fourth Circuit, in *In re Policy Management Sys. Corp.,* 1995 WL 541623 (4th Cir. Sept. 13, 1995), discusses what constitutes a judicial document. It notes that there exists a circuit split on the issue.

Some circuits adopt the view that any document on file with the court is a judicial document. *See Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 782 (3d Cir.1994) (whether document a judicial record turns "on the technical question of whether a document is physically on file with the court"); *Federal Trade Comm'n v. Standard Fin. Management Corp.,* 830 F.2d 404, 409 (1st Cir.1987) ("[D]ocuments which are submitted to, and accepted by, a court of competent jurisdiction in the course of adjudicatory proceedings, become documents to which the presumption of public access applies."). Other circuits take the view that "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to right of public access;" rather, the document must be "relevant to the performance of the judicial function and useful in the judicial process." *United States v. Amodeo,* 44 F.3d 141, 145 (2d Cir.1995).

The Fourth Circuit sides with the latter view:

> We hold that the mere filing of a document with a court does not render the document judicial. We agree with the Second Circuit that a document becomes a judicial document when a court uses it in determining litigants' substantive rights. Therefore, we conclude that a document must play a relevant and useful role in the adjudication process in order for the common law right of public access to attach.

*In re Policy Management Sys. Corp.,* 1995 WL 541623, at *4. As the depositions at issue were never filed with the Court, they obviously cannot have been used in determining the substantive rights of the litigants. Therefore, they are not judicial documents.

■ The decision of the Fourth Circuit in *In re Policy Management Sys. Corp.* supports this Court's holding in its August 14, 1995, order that it lacked the authority to order the depositions disclosed in their entirety because they had never been filed with the Court. The depositions are not judicial documents, and thus the common law right of public access does not apply. As no right of access attaches to the depositions, this Court cannot order their release. To the extent that excerpts from the depositions had been

filed with the Court as exhibits to motions, this Court ordered them disclosed. Because the Court considered them, such excerpts are judicial documents subject to the common law presumption of public access. They can only remain under seal "if countervailing interests heavily outweigh the public's interests in access." *Rushford*, 847 F.2d at 253; *accord Nixon*, 435 U.S. at 598–99, 98 S.Ct. at 1312–13; *In re Knight Publishing Co.*, 743 F.2d 231, 235 (4th Cir.1984). Such is not the case here. To the extent the disclosure of these excerpts conflicts with the Court's protective order of December 30, 1991, that order is hereby modified.

### III.

■ The Daily Gazette and the AP do not take issue with this Court's order of August 14, 1995. Rather, they seek a clarification or interpretation of that order as to whether a litigant in the case, the State of West Virginia, can provide them access to its copies of the depositions. In their original motion to intervene, the Daily Gazette and the AP noted that "[t]he press has standing to intervene in actions to which it is otherwise not a party in order to petition for access to *court proceedings and records.*" *In re Petition of Tribune Co.*, 784 F.2d 1518, 1521 (11th Cir. 1986) (emphasis added). To have standing, an intervenor must suffer an " 'injury in fact,' that is, a sufficiently concrete interest in the outcome of their suit to make it a case or controversy subject to a federal court's Article III jurisdiction." *Singleton v. Wulff*, 428 U.S. 106, 112, 96 S.Ct. 2868, 2873, 49 L.Ed.2d 826 (1976).

■ The "injury in fact" suffered by the press when it is denied access to judicial documents is the violation of its common law right of public access to such documents. *See Branzburg v. Hayes*, 408 U.S. 665, 684, 92 S.Ct. 2646, 2658, 33 L.Ed.2d 626 (1972) ("[T]he First Amendment does not guarantee the press a constitutional right of special access to information not available to the public generally."); *Pell v. Procunier*, 417 U.S. 817, 834, 94 S.Ct. 2800, 2810, 41 L.Ed.2d 495 (1974) ("[N]ewsmen have no constitutional right of access ... beyond that afforded the general public"); *Saxbe v. Washington*

*Post Co.*, 417 U.S. 843, 850, 94 S.Ct. 2811, 2815, 41 L.Ed.2d 514 (1974) (same). If the documents are not judicial documents, however, no common law right of public access attaches to them, and the press has not suffered the "injury in fact" that is a constitutional prerequisite to standing. Thus, the Daily Gazette and the AP do not have standing in the instant case to seek direct release of the portions of the depositions that were not filed with the Court.

■ It follows as a corollary that as the Daily Gazette and the AP have no standing to seek release of the depositions themselves, they have no standing to seek a clarification of whether the protective order of December 30, 1991, bars the parties from releasing the depositions. A protective order which governs non-judicial documents only implicates the rights of litigants, and therefore only they can suffer the constitutionally required "injury in fact" which gives standing. Therefore, this Court dismisses the Daily Gazette's and the AP's motion for clarification or interpretation of the Court's order of August 14, 1995, for lack of standing.

### IV.

■ A litigant in the instant case has questioned whether Moore's first deposition is covered by this Court's protective order of December 30, 1991. West Virginia objected at the start of the deposition to Moore's attorney's claim that the entire deposition was covered by the protective order, and subsequently filed a motion for interpretation of the order on February 3, 1992. Moore filed his opposition to West Virginia's motion on May 5, 1992, claiming that he had only received a copy of the motion on April 30, 1992. This Court has never ruled on the motion, and the parties have never sought a hearing on it.

West Virginia's motion falls outside the ten day period allowed by the protective order for the objecting party to submit a dispute concerning its coverage to the Court. This Court, however, does not decide the issue on that basis. Rather, it deems the deposition to be confidential under the protective order, aside from the excerpts filed with the Court,

because the parties have treated it as such for three and a half years. West Virginia is estopped by its failure to seek resolution of the pending motion and by its treatment of the deposition over the preceding three and a half years from maintaining that the deposition is not confidential under the Court's protective order of December 30, 1991.

### V.

For the foregoing reasons, this Court modifies its protective order of December 30, 1991, to the extent necessary to permit the release of the excerpts of Arch A. Moore, Jr.'s depositions filed with the Court in support of motions by the parties, dismisses the Daily Gazette's and the AP's motion for interpretation or clarification of the Court's order of August 14, 1995, for lack of standing, and deems the deposition of Arch A. Moore, Jr. taken on January 15 and 16, 1992, to be confidential under the Court's protective order of December 30, 1991.