David I. LONGMAN, Plaintiff,

v.

FOOD LION, INC. and Tom
E. Smith, Defendants.

Jeffrey Feinman, Paul N. Gardner de-
fined plan trust and Edwin Hankin
and Linda Hankin, Plaintiffs,

v.

Food Lion, Inc. and Tom E.
Smith, Defendants.

Nos. 4:92CV696, 4:92CV705.

United States District Court,
M.D. North Carolina.

Jan. 4, 1999.

David M. Clark, Greensboro, NC, for
plaintiff.

James T. Williams, Jr., Greensboro, NC,
for defendant.

### MEMORANDUM OPINION

BEATY, District Judge.

This matter is before the Court pursuant
to Plaintiffs' Motion to Strike Confidentiality
Order [Document # 234].  Plaintiffs request
that all of the documents and material in the
judicial record be released from the seal
which was imposed on confidential docu-
ments as part of the Court's December 2,
1994 Confidentiality Order.  For the reasons
that follow, Plaintiffs' request is denied.

### I.  FACTUAL BACKGROUND

On June 18, 1998, the Court granted De-
fendants' Motion for Summary Judgment
and thereby resolved the underlying dispute

in this case. The facts of the dispute are fully set forth in the Memorandum Opinion accompanying that Order. Plaintiffs have appealed the summary judgment decision to the Fourth Circuit.

However, the current dispute revolves around the Confidentiality Order entered during discovery in this case. During pretrial discovery, Defendants moved for a protective order to limit discovery of confidential business information pursuant to Fed. R.Civ.P. 26(c). On March 16, 1994, the Court granted Defendants' request for a protective order, and directed the parties to "meet and determine whether or not they [could] stipulate to the contents of this order." The parties agreed to a Confidentiality Order, which was entered by the Court on December 2, 1994.

Under the terms of the Confidentiality Order, any party had the power to stamp discovery material as "confidential." Material stamped "confidential" could only be disclosed to certain parties who needed access for purposes of this litigation. Under the Order, a party could challenge the "confidential" designation by filing an application with the Court challenging the confidentiality of a specific document or category of documents. For discovery material submitted to this Court in connection with a motion to dismiss or motion for summary judgment, any discovery material designated as "confidential" was required to be filed under seal.

Defendants turned over numerous documents during discovery, with many documents and categories of documents stamped "confidential." Plaintiffs did not challenge any of the confidentiality designations during discovery. Plaintiffs submitted much of this discovery material to the Court, including over nine binders of documents, at the summary judgment stage. All of the material that was stamped "confidential" was filed under seal, as required by the Confidentiality Order.

Plaintiffs now seek to generally strike the Confidentiality Order, at the very least as it pertains to material that is part of the "judicial record." Thus, Plaintiffs seek to unseal the entire record on appeal, and request full public disclosure of the discovery material in the nine volumes submitted in connection with the summary judgment motion. Plaintiffs claim that they are proceeding under Paragraph Twelve of the Confidentiality Order, which provides that "[n]othing in this order shall prevent any party or other person from seeking modification of this order. . . ."

## II.  PROCEDURAL POSTURE

Local Rule of Appellate Procedure 10(d) provides that "[i]n the rare event that a change of circumstances occurs during the pendency of an appeal that warrants reconsideration of a sealing issue decided below, or initial consideration of the need to seal all or part of the record on appeal, an appropriate motion may be filed with the Clerk of the Court of Appeals. . . . Material contained in the record subject to a protective order remains subject to that order on appeal unless modified or amended by the Court of Appeals." Defendants contend that under this rule, Plaintiffs' motion may only be brought before the Fourth Circuit while the case is on appeal, and may only be brought if Plaintiffs can indicate a "change of circumstances during the pendency of [the] appeal."

However, under Local Rule 10(d), "[t]he Court of Appeals expects that motions to seal all or any part of the record will be presented to, and resolved by, the lower court . . . during the course of trial, hearing, or other proceeding below." In addition, under Local Rule 10(e), "[d]isputes concerning the accuracy or composition of the record on appeal should be resolved in the trial court in the first instance." When the Fourth Circuit was presented with a similar motion to unseal a record while the case was on appeal in *Rushford v. New Yorker Magazine, Inc.*, the Fourth Circuit chose to remand the case to the district court to resolve the issues that were raised for the first time in that motion. *See Rushford*, 846 F.2d 249, 250–51 (4th Cir. 1988). The Fourth Circuit remanded the motion, despite the fact that Local Rule 10(d) provided that "[m]aterial contained in the record subject to a protective order remains subject to that order on appeal unless modified or amended by the Court of Appeals." Local R.App.P. 10(d) (1988).

Plaintiffs' motion is currently pending before this Court, and, in this Court's view, it would not be an effective use of judicial resources to decide the issue on procedural grounds without reaching the merits, only to have the Fourth Circuit remand the case to this Court for a determination of the merits of these newly raised issues. Therefore, this Court will consider Plaintiffs' motion to strike the Confidentiality Order, while acknowledging that the Fourth Circuit may conclude that such a motion to unseal the record is best directed to that Court for initial consideration during the pendency of an appeal, pursuant to Local Rule 10(d).

## III. ANALYSIS

### A. Standard for Modification of Discovery Order

The standard for modifying a protective order depends on whether the parties were required to demonstrate good cause for the issuance of the order, whether the parties relied on the order, and whether the parties stipulated to the terms of the order. Based on a consideration of all of these factors in this case, Plaintiffs bear the burden of establishing the need for modification of the protective order.

■ Rule 26(c) allows a court to issue a protective order on a showing of good cause. If the parties agree to a protective order and it is entered without a showing of good cause, the party who later seeks to keep information confidential will bear the burden of showing good cause. However, if the party seeking protection was required to show good cause initially, the burden will be on the party seeking modification of the order. *See Bayer AG and Miles, Inc. v. Barr Laboratories, Inc.*, 162 F.R.D. 456, 463–64 (S.D.N.Y. 1995). In this case, Defendants moved for a protective order during pretrial discovery. On March 16, 1994, the Court granted the request for a protective order, necessarily finding that good cause was established.

Discovery in this case involved hundreds of documents containing confidential business information that Defendants feared could be used by Defendants' competitors to gain a business advantage. The Court therefore instructed the parties to try to stipulate to the terms of the order, which was entered based on the original finding of good cause. The parties agreed to a "blanket" protective order that permitted them to designate documents containing confidential business information. The arrangement was essential to the efficient functioning of the discovery process, and was entered based on a general "good cause" determination. *Cf. id.* at 465. Therefore, to the extent that Defendants made a good cause showing in obtaining the initial protective order, the burden now shifts to Plaintiffs to show good cause as to why the confidentiality order should be modified or stricken.

■ It is particularly appropriate to hold the Plaintiffs to this burden where Plaintiffs stipulated to the terms of the protective order and Defendants relied on that protection. *See Bayer*, 162 F.R.D. at 465 ("Where, however, the modification motion is brought by a party who stipulated to a blanket protective order, the party should be held to its agreement and thus should have the burden of showing good cause for its modification request."); *Omega Homes, Inc. v. Citicorp Acceptance Co.*, 656 F.Supp. 393, 404 (W.D.Va. 1987) ("When, however, the proposed modification affects a protective order stipulated to by the parties ... it is clear that the shared and explicit assumption that discovery was for the purposes of one case alone goes a long way toward denying the movant's request without more."); *Jochims v. Isuzu Motors, Ltd.*, 145 F.R.D. 499, 501 (S.D.Iowa 1992) ("[T]here is general unanimity among the courts that where a party to [a] stipulated protective order seeks to modify that protective order, that party must demonstrate particular good cause in order to gain relief from the agreed to protective order.").

■ Here, Plaintiffs agreed to the terms of the protective order and did not challenge any of the confidentiality designations during discovery. Defendants relied on this protection in producing documents. Now, Plaintiffs seek to modify the protective order so that they can submit the record on appeal without the administrative burden of filing it under seal. Plaintiffs also seek to provide the discovery material to the class members and the

**334**

public at large. The Court does not accept either of these arguments as the type of "good cause" that must be shown to justify modifying a protective order. Plaintiffs have failed to show sufficient reason to strike the confidentiality order in its entirety and release all discovery material to the public. Therefore, Plaintiffs' motion to strike the December 2, 1994 Confidentiality Order previously entered in this matter is denied.

## B. Access to the Judicial Record

▮▮▮ Plaintiffs also argue that material submitted to the Court as part of the summary judgment consideration is part of the judicial record and should be unsealed based on the common law presumption of access to judicial records and the First Amendment right of access. Plaintiffs are correct that judicial seals are generally disfavored, and materials considered by the Court in granting a motion for summary judgment are part of the judicial record and subject to the common law presumption of access and the First Amendment right of access. *See Rushford*, 846 F.2d at 252–54.

▮▮▮ However, unlike the situation in *Rushford*, this case does not involve an intervenor seeking to unseal the record based on the public's right of access. Instead, this case involves a claim by Plaintiffs, who agreed to the provisions of the confidentiality order, including the sealing of the documents, and who now seek to escape their agreement based on access arguments that they bargained away. It is not appropriate to allow a party to agree to a protective order, only to attempt to undo their agreement at the last possible moment. *See Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd.*, 529 F.Supp. 866, 894 (E.D.Pa.1981) (noting that a party who voluntarily entered into a protective order to facilitate discover "effectively waived their right to seek wholesale declassification"). Therefore, because Plaintiffs agreed to the Confidentiality Order, the Court will not entertain their First Amendment and public access arguments.[1]

This approach was sanctioned by the Fourth Circuit in an analogous context in *United States v. Morgan*, 962 F.2d 8, 1992 WL 102573 (4th Cir.1992), an unpublished opinion which this Court uses only for illustrative purposes. There, the parties had litigated the initial imposition of a seal, and later one party attempted to unseal the document based on First Amendment arguments. The Fourth Circuit noted that:

[a]t a minimum, these concerns strongly counsel against requiring the full analysis argued for by the appellant. Requiring the full complement of procedural requirement set forth in *In re Knight Publishing Co.*, 743 F.2d 231, 235 (4th Cir.1984), would amount to a full and complete relitigation of the issue every time a motion was made to unseal the documents. We believe a more appropriate balance was drawn by the court below. Where the motion is brought by a party that has had a full opportunity to litigate the initial imposition of the seal, the appropriate threshold question is whether or not that party has shown a change in circumstance sufficient to warrant a reconsideration of the seal.

*Id.* In this case, the parties did not litigate the protective order; instead, Plaintiffs agreed to the order, failed to object to confidentiality designations, and only now seek to raise public access arguments. When a motion is brought by a party who is represented by counsel who agreed to the terms of a protective order, that party is estopped from raising access arguments that they bargained away. *Cf. Omega Homes*, 656 F.Supp. at 404 ("The court refuses to endorse Omega's tactic of inducing broad disclosure under a set of ground rules and of then avoiding any limitations on itself by asking the court to come in and change those rules."); *West Virginia v. Moore*, 902 F.Supp. 715, 718 (S.D.W.Va.1995) (estopping a party from maintaining that a deposition was not confidential where the party failed to seek resolution of the issue during discovery); *Zenith*, 529 F.Supp. at 894 ("All parties have relied on these provisions in producing documents, and wholesale declassification would undermine their justified expectations. Plaintiffs cannot now attempt to undo what they have

---

1. This analysis does not affect the separate question of the ability of an appropriate intervenor who was not a party to the protective order to raise an interest in the documents under seal.

willingly wrought; having made their bed, they must sleep in it.").

Finally, even if Plaintiffs could bring this public access argument, the appropriate solution would not be to strike the confidentiality order and release the record in its entirety. A wholesale release of the record would be particularly inappropriate in a case such as this, where Plaintiffs submitted over nine volumes of documents, many of which could be sealed even given the public access requirements because they contain Defendants' trade secrets, confidential business information, or information protected by attorney-client privilege. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598, 98 S.Ct. 1306, 55 L.Ed.2d 570, 580 (1978). Defendants would normally be given an opportunity to raise confidentiality arguments in favor of sealing sensitive information in the record. However, Defendants did not have the opportunity to make these arguments when the documents were released to Plaintiffs or when they were submitted by Plaintiffs to the Court, because Defendants relied on the protective order that Plaintiffs had agreed to. In these circumstances, considering Plaintiffs' request for release while still providing the appropriate protection for Defendants would require this Court to undertake a document-by-document review of all the material in the record. However, Plaintiffs cannot now request such a document-by-document review because Plaintiffs failed to exercise their rights under the confidentiality order to challenge confidentiality designations during the course of discovery. The Court will hold Plaintiffs to their agreement, and will refuse to allow a wholesale declassification of all documents at this late stage. *Cf. Doctor's Hosp. of Jefferson, Inc. v. Southeast Medical Alliance, Inc.*, 878 F.Supp. 884, 885–886 (E.D.La.1995) (denying plaintiff's motion to lift protective order as to all exhibits prepared for trial because plaintiff failed to specifically identify the documents it believed should not be protected); *Zenith*, 529 F.Supp. at 893–894 (discussing the impropriety of wholesale declassification years after discovery began where the party failed to make any contemporaneous objection to the confidentiality designation).

## IV. CONCLUSION

The Court concludes that Plaintiffs have failed to show good cause for modification of the protective order. In addition, because Plaintiffs agreed to the protective order and the sealing provisions, the First Amendment and presumption of access arguments are not available to support Plaintiffs' request. Even if these arguments were available to Plaintiffs, wholesale declassification of the record would be inappropriate in this case. Therefore, Plaintiffs' Motion to Strike Confidentiality Order is DENIED, and the Confidentiality Order as entered on December 2, 1994 remains in effect.