**Jeffrey T. JOCHIMS, Plaintiff,**

v.

**ISUZU MOTORS, LTD., Defendant.**

Civ. No. 3–89–70109.

United States District Court,
S.D. Iowa,
Davenport Division.

Sept. 16, 1993.

Steven J. Crowley and Darwin Bunger of the Crowley Law Firm, Burlington, IA, for plaintiff.

John McShane and Mary E. Bolkcom of Bowman & Brooke, Minneapolis, MN, for defendant.

## RULING ON OBJECTIONS TO ORDERS

VIETOR, District Judge.

Defendant Isuzu Motors, Ltd. ("Isuzu") objects to two orders entered by Magistrate Judge Mark W. Bennett on May 24, 1993. *Jochims v. Isuzu Motors, Ltd.,* 148 F.R.D. 624 (S.D.Iowa 1993) (hereinafter "*Jochims.*") One order granted a petition to permit intervention for the purpose of modifying the protective order previously entered in this case, and the second order entered an amended protective order. Because I conclude that the orders are, in part, clearly erroneous and contrary to law, the orders are modified as set forth herein.

1. The magistrate judge is critical of what he calls Isuzu's "Stalingrad defense" in this case. *Jochims* at 632 & n. 13. While this was a hard-fought case, I never observed any inappropriate or overly-zealous advocacy on the part of the attorneys for either party.

2. Judge Longstaff was appointed a United States District Court Judge on November 5, 1991.

## I. INTRODUCTION AND BACKGROUND

This is a products liability action originally brought by plaintiff Jeffrey T. Jochims against Isuzu Motors, Ltd., seeking recovery for injuries he incurred in an accident involving a 1986 Isuzu Trooper II. Plaintiff claimed that the 1986 Trooper was defective and negligently designed because it was not sufficiently resistant to rollover. A two-week trial was conducted in February 1993, resulting in verdicts favorable to plaintiff. Various post-trial motions have been submitted, but because counsel have advised the court that a settlement has been reached the court has not ruled on the motions.[1]

### A. *The Original Protective Order:*

Early in the discovery process, on January 24, 1991, a protective order was entered by then Magistrate Judge R.E. Longstaff,[2] which provided that documents sought by plaintiff in discovery that contained Isuzu's trade secrets, confidential research, development, or commercial information were to be kept confidential by plaintiff and his experts. This original protective order provided that a designation of a particular document by Isuzu as "confidential" could be challenged by plaintiff, that confidential materials made deposition and trial exhibits and related testimony would be sealed and remain confidential, and that all copies of confidential documents produced in discovery would be returned to Isuzu upon completion of this litigation.

### B. *The Petition For Intervention:*

Shortly before trial, three attorneys who represent plaintiffs in other products liability litigation against Isuzu involving Trooper vehicles, filed a petition in intervention seeking to modify this protective order.[3] This petition was considered post-trial and was grant-

3. Prior to the petition for intervention, plaintiff sought a modification of the protective order similar in many respects to the amended protective order currently under review. This motion was denied. *See Jochims v. Isuzu Motors Ltd.,* 145 F.R.D. 499 (S.D.Iowa 1992).

ed on May 24, 1993. *See Jochims.*[4] An Amended Protective Order was entered on the same day. *See Jochims,* Appendix A. This court stayed the orders pending Isuzu's objections, and ordered that the protective order entered on January 24, 1991, remain in effect during the period of the stay and that the documents sealed by the Clerk of Court remain sealed. (See Order filed June 16, 1993.)

## C. *The Amended Protective Order:*

The Amended Protective Order affords confidential status only to "confidential technical information or genuine trade secrets, ... the dissemination of which has the significant likelihood of damaging Isuzu's competitive position," and extends this definition to any Isuzu documents produced in other Trooper litigation. The order affords the intervenors the status of "plaintiffs," and permits dissemination of confidential documents to, among others, any attorney representing a plaintiff in other litigation against Isuzu involving claims of instability in the "Trooper line of vehicles." The order also permits any person "who will submit to the jurisdiction of the Court" to have access to the protected documents to copy them. The amended order permits plaintiffs to permanently retain protected documents, and permits retention of any Isuzu documents already in the possession of plaintiffs prior to "this lawsuit." The order further provides that any protected documents "identified or introduced into the trial record" of *this* case are not protected, although it also provides, in another provision, that the issue of disclosure of protected documents at trial of other cases is reserved. *See Jochims,* Appendix A.

## II. *ANALYSIS*

### A. *Standard of Review:*

■ Fed.R.Civ.P. 72(a) requires that this court set aside or modify any portion of the magistrate judge's order that is found to be "clearly erroneous or contrary to law." The "clearly erroneous" standard applies only to factual findings made by the magis-

trate judge; conclusions of law are reviewed under the more lenient "contrary to law" standard. *Gandee v. Glaser,* 785 F.Supp. 684, 686 (S.D.Ohio 1992). A magistrate judge's factual finding is clearly erroneous when, "although there is evidence to support [a finding], the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Federal Sav. & Loan Ins. Corp. v. Commonwealth Land Title Ins. Co.,* 130 F.R.D. 507, 508 (D.D.C.1990) (quoting *South Sea Catamaran, Inc. v. The Motor Vessel "Leeway",* 120 F.R.D. 17, 21 (D.N.J.1988), *aff'd,* 993 F.2d 878 (3d Cir.1993)).

Isuzu does not challenge the magistrate judge's order insofar as it procedurally allowed the intervention. Isuzu objects to the grant of the motion to modify the order, and to the amended order itself.

### B. *The Status of Documents Used At Trial:*

■ The order granting the intervenors' petition and modifying the protective order held that the common law right of access deprived any protected documents employed as exhibits at trial of their confidential status. The magistrate judge found that "the trial record and exhibits in this case have not been sealed," and that Isuzu had not made a "compelling showing" overriding a presumption of public access to the protected documents used at trial. These findings are clearly erroneous and contrary to law.

■ While recognizing a common law right of access to court records, the Eighth Circuit has expressly declined to adopt a "strong presumption" of common law access. *See United States v. Webbe,* 791 F.2d 103, 106 (8th Cir.1986). Rather, the decision of whether court records should be sealed is one committed to the sound discretion of the trial court. *Webster Groves Sch. Dist. v. Pulitzer Publishing Co.,* 898 F.2d 1371, 1374 (8th Cir.1990). Moreover, the Supreme Court has recognized that "[e]very court has supervisory power over its own records and files," and the right of inspection may be

---

**4.** On September 16, 1993, this court allowed another party who has a product liability claim against Isuzu involving a Trooper vehicle to intervene in respect to the protective order matter.

overridden where the records are sources of confidential business information, the disclosure of which could harm a litigant's competitive standing. *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 599, 601, 98 S.Ct. 1306, 1313, 1314, 55 L.Ed.2d 570 (1978).

■ Contrary to the magistrate judge's finding, steps were taken to ensure that the confidential status of documents designated pursuant to the protective order was maintained notwithstanding their use at trial. First, the original protective order expressly provided in paragraph 4 that the order covered designated confidential data introduced at trial, and that trial testimony and designated data would be sealed and protected from disclosure pursuant to the order.[5] Second, after trial, Isuzu communicated with the court regarding the specific exhibits introduced at trial covered by the protective order, and those exhibits were ordered sealed pursuant to the terms of the original protective order.[6]

This court, having presided over the trial, believes that it is in the best position to determine whether the designated confidential documents, and testimony related to them, should enjoy continued confidential status and be sealed from disclosure. The 29 protected documents introduced as exhibits at trial consisted of Isuzu internal engineering standards, confidential information regarding advertising expenditures, and test reports relating to the design and development of the Trooper. They are the kind of technical and commercial information commonly subject to confidentiality orders in cases of this kind. Depriving these documents of their confidential status would be inimical to Isuzu's competitive interests. *See Ruckelshaus v. Monsanto Co.,* 467 U.S. 986, 1002, 104 S.Ct. 2862, 2872, 81 L.Ed.2d 815 (1984) (public disclosure of confidential information extinguishes the owner's property rights); *In re Remington Arms Co.,* 952 F.2d 1029, 1033 (8th Cir.1991) ("Due credence must be given to [the defendant's] claims of ownership of property ... in light of the fact that those property rights might easily be lost through mandated disclosure.").

In making this determination, this court is mindful of the need to balance the competing interests involved, and to make this determination in light of the facts and circumstances of this particular case. *See Nixon,* 435 U.S. at 597, 98 S.Ct. at 1312; *Webster Groves,* 898 F.2d at 1376; *In re Application of KSTP Television,* 504 F.Supp. 360, 361 (D.Minn. 1980) (Devitt, J.). Here, a "sensitive appreciation of the circumstances," *Nixon,* 435 U.S. at 603, 98 S.Ct. at 1315, leaves this court with the firm conviction that the protected documents should remain sealed post-trial.[7]

This court has also taken into account the confidential nature of the documents, and the potential risk to Isuzu's competitive interests by dissemination. The public's interest in

---

**5.** Paragraph 4 provides:

> This Stipulation and Protective Order includes any appropriately designated competitively sensitive data which may be admitted into evidence during the trial of this matter. Such admissions into evidence do not waive the terms of this Stipulation and Protective Order. Any such trial testimony or competitively sensitive data produced as an exhibit at trial shall be sealed and protected from disclosure by this Stipulation and Protective Order.

**6.** No waiver was effected by Isuzu's failure to ask the court to seal the courtroom during the trial. Such an action was unnecessary as most, if not all, of the few attendees at the trial were family and friends of the parties, who obviously were there simply for the purpose of casually observing the trial, and posed no threat to Isuzu's competitive interests. *See Poliquin v. Garden Way, Inc.,* 989 F.2d 527, 533 (1st Cir.1993) (recognizing that "material introduced at trial can be safeguarded against disclosure afterwards," including where the material "might be offered in public but be hard to replicate without a transcript").

**7.** The magistrate judge concluded that Isuzu did not make a "compelling showing" to preclude access to the protected documents. To the extent that this placed upon Isuzu the burden to meet the "compelling government interest" test articulated in First Amendment cases, it is inconsistent with the Eighth Circuit's view of the common law right of access. *See Webster Groves,* 898 F.2d at 1376. Moreover, Isuzu did not seek to have the entire record sealed, as was the case in *Brown v. Advantage Eng'g, Inc.,* 960 F.2d 1013 (11th Cir.1992), and *Wilson v. American Motors Corp.,* 759 F.2d 1568 (11th Cir.1985). Rather, Isuzu requested the sealing of only 29 trial exhibits and related trial testimony, all of which contain trade secrets or other confidential information.

access to these specific documents does not override Isuzu's interest in maintaining the confidentiality of these proprietary confidential documents.

Furthermore, the public good would be substantially disserved if the introduction of a document in a civil trial deprived it of its otherwise confidential status. Discovery, often a contentious and difficult process in complex cases, would become even more contentious and expensive, if there was no assurance of continued protection for confidential business information. *See Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 34, 104 S.Ct. 2199, 2208, 81 L.Ed.2d 17 (1984); *State ex rel. Butterworth v. Jones Chems., Inc.,* 148 F.R.D. 282, 288 (M.D.Fla.1993).

■ Concern with the "efficient administration of justice" is also a valid interest to be considered in making this determination. *See Webbe,* 791 F.2d at 106.[8] Accordingly, Isuzu will have the burden of taking appropriate steps to mark the pages of the trial transcript relating to the sealed exhibits with the "Confidential" legend dictated by the original protective order and substituting those pages in the original and plaintiff's copies of the transcript.

## C. *The Modification of the Protective Order:*

Isuzu also objects to that portion of the magistrate judge's order that modifies the protective order, and to the Amended Protective Order itself. Portions of the order modifying the protective order are clearly erroneous and contrary to law, and the order must be modified. Further, portions of the Amended Protective Order are contrary to law and must accordingly be modified. *See* Fed.R.Civ.P. 72(a).

■ The first issue to be resolved is whether the burden was correctly placed upon Isuzu on the issue of the appropriateness of a modification of a protective order where intervention is sought for that purpose. The magistrate judge applied the following standard found in *Wilk v. American Medical Ass'n,* 635 F.2d 1295, 1299 (7th Cir. 1980):

> [W]here an appropriate modification of a protective order can place private litigants in a position they would otherwise reach only after repetition of another's discovery, such modification can be denied only where it would tangibly prejudice substantial rights of the party opposing modification.

This standard would place the burden on Isuzu to make a showing of tangible prejudice to substantial rights.

This court believes that the controlling standard is found in *Iowa Beef Processors, Inc. v. Bagley,* 601 F.2d 949 (8th Cir.), *cert. denied,* 441 U.S. 907, 99 S.Ct. 1997, 60 L.Ed.2d 376 (1979). There, the Eighth Circuit recognized that the initial showing of good cause for entry of a protective order under Fed.R.Civ.P. 26(c) is on the party seeking protection. *See id.* at 954 n. 5. However, when an attempt is made to amend or lift that protection, there must be a showing that intervening circumstances have obviated or eliminated any potential prejudice to the protected party. *Id.* at 954. I believe that *Bagley*'s requirement of a showing of intervening circumstances implicitly places the burden of making the showing on the party seeking to amend or lift the protective order. This standard is fully applicable to a petition by plaintiffs in other litigation, such as intervenors. *See Rogers v. Proctor & Gamble Co.,* 107 F.R.D. 351, 352 (E.D.Mo. 1985).

---

**8.** Neither the Supreme Court nor the Eighth Circuit has recognized a constitutional right of access in a civil case. *See Webster Groves,* 898 F.2d at 1377; *Norwood v. Slammons,* 788 F.Supp. 1020, 1026 (W.D.Ark.1991). However, even if a constitutional right of access were somehow implicated in this case, the restriction imposed by the sealing of these exhibits and testimony relating to them is sufficiently narrowly drawn to accommodate the implicated interests. Hundreds of exhibits were received into evidence at trial, and this order applies to only 29 of them. Public access to the vast majority of exhibits and testimony presented at this trial is thus unaffected by this ruling. Furthermore, no less restrictive alternative, short of sealing these 29 exhibits and testimony relating to them, will protect Isuzu's legitimate interest in confidentiality. *See Brown v. Williamson Tobacco Corp. v. F.T.C.,* 710 F.2d 1165, 1180 (6th Cir.1983) (the protection of trade secrets is "a recognized exception to the right of public access to judicial records"), *cert. denied,* 465 U.S. 1100, 104 S.Ct. 1595, 80 L.Ed.2d 127 (1984).

Here, there has been no showing that intervening circumstances have obviated or eliminated potential prejudice to Isuzu by amending the protective order. However, with certain modifications, the Amended Protective Order can be tailored to serve the interests of the intervenors in obtaining potentially relevant information for preparing their cases, and the interests of Isuzu in preventing dissemination of confidential business information which could harm Isuzu's competitive standing. *See Iowa Beef Processors,* 601 F.2d at 954.

In considering the appropriateness of the Amended Protective Order, this court is guided by the standards set forth in *In re Remington Arms Co.,* 952 F.2d 1029 (8th Cir.1991). The amended order imposed upon Isuzu the obligation to make a "bonafide determination that the materials are, in fact, a trade secret or other confidential technical information, the dissemination of which has the significant likelihood of damaging Isuzu's competitive position." This provision is more restrictive than the standard expressed in Fed.R.Civ.P. 26(c), which provides that a protective order may issue upon a showing of "good cause," and extends coverage not only to trade secrets and technical information but to a broad range of confidential business information. *See* Fed.R.Civ.P. 26(c)(7). Moreover, a protective order is appropriate where disclosure of such information "would be harmful to the party's interest in the property." *Remington Arms,* 952 F.2d at 1032. This provision will be modified as set forth in the Modified Protective Order, filed with this opinion.

*Remington Arms* further provides:

First, use of the discovered information should be limited to the particular lawsuit in which it has been shown to be both relevant and necessary to the prosecution of the case. Second, the protective order should limit the persons who are given access to the trade secrets. Third, the protective order should limit, or prohibit

entirely, the reproduction of all confidential documents.

*Id.* at 1033. Here, several provisions of the Amended Protective Order are contrary to the standards set forth in *Remington Arms,* including: (1) permitting dissemination to any other attorney involved in Trooper litigation without notice to Isuzu; (2) the allowance of copying by any person who indicates agreement to submit to this court's jurisdiction; (3) the permanent retention of protected documents; and (4) the definition of confidential documents as including documents other than those produced in the *Jochims* case.[9] To more closely adhere to those standards, this court is entering a Modified Protective Order to ensure that the confidential status of the documents is maintained while still permitting the intervenors reasonable access to those documents relevant to their pending lawsuits.

Finally, Isuzu has raised the legitimate concern about the lack of finality resulting from this post-trial intervention in this case that has already consumed several years of the court's and parties' time and resources. The court is dubious of undertaking extended continuing jurisdiction over discovery issues that could best be litigated in the cases in which they arise. Therefore, it will provide in the Modified Protective Order entered on this date that all requests by intervenors for copies of the protected documents be made within 120 days.

### III. CONCLUSION

For the reasons set forth above, the magistrate judge's orders modifying the protective order and entering an Amended Protective Order are modified as set forth in the Modified Protective Order entered on this date.

### MODIFIED PROTECTIVE ORDER

To preserve and maintain the confidentiality of certain documents and materials pro-

---

9. The court in *Remington Arms* also suggested that, where appropriate, a bond may be required of the discovering party, and that a custodian of the protected documents may be designated. 952 F.2d at 1033. The court sees no necessity for the use of bonds in this case. However, it will designate the Clerk of Court as custodian of the protected documents, and requests for the documents must be made to the Clerk, in accordance with the terms of the Modified Protective Order.

duced by defendant Isuzu Motors, Ltd. (Isuzu) in this lawsuit,

IT IS ORDERED THAT:

1. Documents produced by Isuzu to plaintiff Jeffrey T. Jochims during discovery in this litigation which contain trade secrets or other confidential information shall hereinafter be referred to as "protected documents." When used in this Order, the word "documents" means all written material, videotapes, and all other tangible items. Except as otherwise indicated below, documents designated by Isuzu as "confidential" that are or have been produced or delivered to plaintiff or his attorneys, consultants, agents, or experts in this action, shall be protected documents and given confidential treatment as defined below.

2. When used in this Order, the phrase "plaintiff in this case" shall refer only to Jeffrey T. Jochims, and the phrase "intervening plaintiff" shall refer to a plaintiff in one of four cases against Isuzu pending in other jurisdictions: *Donohoe v. Isuzu*, Case No. CV92–0839 (M.D.Pa.); *King v. Isuzu*, Case No. MC 003678 (Superior Court of the State of California for the County of Los Angeles); *Neuman v. Isuzu*, Case No. 92–CV–7787 (Denver District Court, City and County of Denver, State of Colorado); and *Livingston v. Isuzu*, Case No. CV–92–50–BU–PGH (D.Mont.), who are represented by Thomas R. Wilson, James J. Murphy, R. Ben Hogan, III, and Darwin Bunger and Steven J. Crowley, respectively, each of whom is an attorney licensed to practice law.

3. Isuzu shall promptly submit one copy of all protected documents to the Clerk of Court for the United States District Court for the Southern District of Iowa, Davenport Division. Counsel for Isuzu shall advise counsel for plaintiff and counsel for the intervening plaintiffs upon compliance with this provision. The Clerk of Court shall be responsible for the dissemination of copies of all protected documents upon appropriate request from an intervening plaintiff. Plaintiff in this case shall not disseminate protected documents.

4. To seek a copy of any protected document from the Clerk of Court, an intervening plaintiff shall, within 120 days of the filing of this Modified Protective Order, file a request for the protected document and/or testimony related thereto with the Clerk of Court, and simultaneously serve on Isuzu a copy thereof. Within fourteen days of the filing of the request, Isuzu may file an objection thereto, stating its reasons for the objection, and simultaneously serve on the requesting intervening plaintiff a copy thereof. Within ten days of the filing of Isuzu's objection, the intervening plaintiff seeking the protected documents may file a written response to Isuzu's objection, with a copy simultaneously served on Isuzu. The court will then rule upon the request. It will be grounds for denial of a request for documents if Isuzu shows that they are not relevant to the subject matter of the suit and not necessary to prepare the case for trial, or that the requesting party has already obtained the documents. The Clerk of Court shall not disseminate the requested documents unless and until no timely objection is filed by Isuzu or objection is denied by the court. Copies of documents shall then be provided to the requesting intervening plaintiff only upon payment by the requesting party to the Clerk of the cost of the copies. At the time of dissemination, the Clerk will provide Isuzu with a written list of documents provided to the intervening plaintiff.

5. Prior to designating any material as "confidential," Isuzu must have made a bonafide determination that the materials constitute a trade secret or other confidential research, development or commercial information, the dissemination of which would potentially damage Isuzu's interest in such materials.

6. If plaintiff in this case or an intervening plaintiff disagrees with the "confidential" designation of any document, that party must so notify Isuzu in writing by certified mail, and counsel for that party and Isuzu shall promptly confer personally, *in good faith,* to resolve the disagreement over a document's designation. If the conference fails to resolve the disagreement, within fourteen days thereafter the party disagreeing with the "confidential" designation may apply to this court to schedule a hearing for the purpose

of establishing whether the document or documents are truly confidential. Any documents marked as "confidential" shall be so considered by the parties until the court makes a ruling on the status of the disputed materials.

7. Affidavits produced by Isuzu for the purpose of *in camera* inspection by the court in support of a response to a Motion to Compel Discovery do not constitute a waiver by Isuzu of any claim of attorney-client privilege and/or the work product doctrine as to the underlying documents.

8. Both the protected documents and the information contained therein shall be treated as confidential. Except upon the prior written consent of Isuzu or upon further order of this court, protected documents or information contained therein may be shown, disseminated, or disclosed only to the following persons *and* only for the following reasons:

a. All attorneys of record for plaintiff or the intervening plaintiffs, including members of their respective law firms, and any other attorney associated to assist in the preparation of the case for trial;

b. All employees of the plaintiff or intervening plaintiff's counsel assisting in the preparation of the case for trial;

c. Experts and consultants retained by the plaintiff or intervening plaintiff for the preparation of his or her case, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of Isuzu in the automobile industry.

d. The four courts in which the cases enumerated in paragraph 2 hereof are pending, in respect to those cases.

9. Before being given access to any of the protected documents or the information contained in the documents, each person described in Paragraph 8 above shall be advised of the terms of this Order, shall be given a copy of the Order, and shall agree to it in writing, using a standard form to be bound by its terms and to submit to the jurisdiction of this court, except the courts mentioned in paragraph 8(d) hereof shall not be required to agree to the order in writing.

10. At the completion of each plaintiff's litigation against Isuzu, including that of the plaintiff in this case and each intervening plaintiff, counsel for that plaintiff shall be responsible for returning to Isuzu the original and copies of the documents provided to them.

11. To the extent that protected documents or information contained therein are used in the taking of depositions, the documents or information shall remain subject to the provisions of this Order, unless the court in which the case is pending expressly rules otherwise.

12. Admission into evidence of protected documents or testimony at trial regarding protected documents designated pursuant to this Order do not waive the terms of this Order, unless the court in which the case is pending expressly rules otherwise.

13. The entry of this Order will not preclude the subsequent modification of this Order, upon consideration of any proper future application by the parties, including the intervening plaintiffs.

14. Any party, including the intervening plaintiffs, using protected documents or information contained therein in the taking of depositions or trial of any case shall provide the presiding judge in that case with a copy of this Modified Protective Order.

15. This Order shall be binding upon the parties in this case and their attorneys, including the intervening plaintiffs and their attorneys, and upon the successors, executors, personal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors of the parties, including intervening plaintiffs, and attorneys, and other persons or organizations over which they have control.

IT IS ORDERED.