CORDIS CORPORATION, Plaintiff,

v.

SCIMED LIFE SYSTEMS,
INC., Defendant.

No. Civ. 4–96–261(JRT/RLE).

United States District Court,
D. Minnesota,
Fourth Division.

Nov. 7, 1997.

Mary S. Moore, Chicago, IL, for Plaintiff.

Dominic E. Massa, Boston, MA, for Defendant.

## MEMORANDUM ORDER

ERICKSON, United States Magistrate Judge.

### I. *Introduction*

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(A), upon the Defendant's Motion to Modify Protective Order.[1]

A Hearing on the Motion was conducted on October 20, 1997, at which time the Plaintiff appeared by Mary S. Moore, Esq., and the Defendant appeared by Dominic E. Massa, Esq.

For reasons which follow, we deny the Motion.

### II. *Factual and Procedural Background*

This is an action for patent infringement, in which the Plaintiff alleges that the Defendant manufactured and sold a balloon catheter device, which assertedly infringes upon three of the Plaintiff's United States patents. At present, a separate, but related, patent infringement action, between these same parties, is pending in the Hague District Court in the Netherlands.

During discovery in this action, the Plaintiff has produced certain documents, which were filed, by the Plaintiff, in an earlier patent infringement action against a third-party, in the Hague District Court in the Netherlands—that is, in the same Court in which the earlier referenced Dutch proceeding is now pending. The parties agree that these documents are not discoverable, under Dutch law, in the Netherlands action which is now proceeding. Pursuant to the terms of a Confidentiality Order which we issued upon the parties' joint stipulation, the documents at issue here were produced under the designation of "Confidential" and, as a result, the Defendant is precluded from utilizing these documents for any purposes which are not directly related to this litigation.

By this Motion, the Defendant seeks to modify the terms of the Confidentiality Order, so as to allow the introduction of the disputed documents in the Dutch litigation which pends between these same parties. In making its request, the Defendant represents that it will continue to honor the documents' confidentiality in all other respects, and it believes that measures can be taken which will assure that their confidentiality will not be compromised as a result of their admission in the Dutch proceedings. As support for their stated belief, the Defendant offers the Affidavit of Richard Ebbink ("Ebbink"), an attorney who is licensed to practice in the Netherlands. In particular, Ebbink avers as follows:

> Dutch procedural law does not provide for the protection of trade secrets or confidential information. *** In the Netherlands, documents filed by the parties during the course of the litigation are not available from the court to any third parties. *** In the Netherlands, parties to litigation may request the court clear the room of third parties while trade secrets or confidentiality information are being discussed at a hearing.

*Affidavit of Richard Ebbink, Esq.,* at ¶¶ 2–3, 5.

In addition, Ebbink represents that, if we were to grant the Motion to modify the terms of our Confidentiality Order, he "will agree on behalf of [the Defendant] to request that the [Dutch Court] clear the room during discussion of any trade secrets or confidential information contained in the Disputed Documents." *Id.* at ¶ 5.

In contrast, however, the Plaintiff disputes the degree to which the confidential status of the documents can be adequately safeguarded, once they have been introduced into the Record of the Dutch Court. In this respect, the Plaintiff proffers the Declaration of Peter Hendrick ("Hendrick"), who practices as Dutch counsel, and who, apparently, was in-

---

**1.** Also before the Court is the Defendant's Motion for leave to file a supplemental Affidavit in sup-

port of its Motion to modify the Protective Order, which we grant.

volved in the prior Dutch litigation in which the disputed documents were earlier admitted. Hendrick avers, as follows:

> There is no mechanism to obtain protective orders in the Netherlands. Nor is there a provision to guarantee that a court will order spectators and other third parties from Dutch courtrooms. Dutch Court Hearings are public and Dutch courts will only be prepared to make proceedings private in particularly delicate matters like child abuse and juvenile custody cases. A Dutch court will certainly refuse to make a Hearing private in a case relating to patent law.

*Declaration of Peter Hendrick,* at ¶ 7.

Hendrick further contends that "if [the Defendant] is permitted to obtain and use any other documents by the American discovery process, [it] will have circumvented the principles and orderly administration of Dutch Proceedings." *Id.* at ¶ 6.

As an alternative argument, the Defendant contends that at least some of the disputed documents—specifically, those which the parties have denominated as "Pleading Notes."—have not been properly denoted as "Confidential." Again, in the words of Ebbink:

> [In Dutch Court] Pleading Notes are prepared by an attorney prior to a court hearing. Pleading Notes set forth the arguments that an attorney intends to make at the hearing. Pleading Notes are used by attorneys either as a script or as an outline for their oral presentation to the court at the hearing. Although some attorneys use their Pleading Notes only as an outline, the majority read their Pleading Notes to the Court verbatim. In either case, the attorneys must orally present at least the substance of their Pleading Notes to the court. At the end of a hearing, attorneys file their Pleading Notes with the court. If part of the Pleading Notes was not orally presented, the relevant pages shall not be filed. *** Unless special arrangements have been made with the court, the oral presentations of the attorneys, in essence consisting of the reading of Pleading Notes, occurs in open court, accessible to the general public.

*Supplemental Affidavit of Richard Ebbink, Esq.,* at ¶¶ 3–4, 6.

Not surprisingly, the Plaintiff takes issue with this alternative argument, and counters with the following averments of Hendrick:

> I use Pleading Notes as an outline for my Oral Presentation to a Court at the Hearing and this means that I do not use the Pleading Notes as a document to be read by me to the Court. Rather, I use it as a framework for the Oral Presentation, which means that in the Oral Presentation I do not literally read out what is outlined in the Pleading Notes. Instead I use Pleading Notes as a kind of coat-rack on which I hang the most substantial arguments as coats.
>
> What I stated above *** means that during the Oral Presentation, I can also submit arguments or take positions which do not occur as such in the Pleading Notes. The above also means that the positions and arguments from the Pleading Notes which are not submitted during the Oral Presentation must be deemed as not having been submitted. ***.
>
> For the above reasons, it is generally incorrect to state that the contents of the Pleading Notes must be deemed as having been disclosed at the Court Hearing. There is, moreover, no real disclosure, because the Pleading Notes are not available to the public, but only form part of the procedural documents as filed by the parties at the end the Court Hearing with the Court. What holds true for the exhibits submitted by the parties then also applies to the Pleading Notes, i.e., that third parties are not privy to the contents of same.

*Supplemental Affidavit of Peter Hendrick,* at ¶¶ 3–5.

In addition, Hendrick attests that, in the Netherlands, "[a]nyone interested *** may be present at a Court Hearing but *** this does not necessarily mean that such interested third parties may then be deemed to know what the Pleading Notes contain and what they do not." *Id.* at ¶ 6.

The Defendant advises, and the Plaintiff does not dispute the matter, that the referenced documents are relevant to a Hearing in the Dutch Court which is scheduled for

November 26, 1997, and that the parties are obliged to identify the documents, which will be employed in that Hearing, by no later than November 11, 1997. Accordingly, time is of the essence.

### III. *Discussion*

■ A. *Standard of Review.* Under the law of this Circuit, when a District Court enters a Protective Order, it has, at least implicitly, recognized that unrestricted disclosure of the protected materials could "unduly harm" the parties who are subject to the terms of that Order. *Iowa Beef Processors, Inc. v. Bagley,* 601 F.2d 949, 954 (8th Cir. 1979), cert. denied, 441 U.S. 907, 99 S.Ct. 1997, 60 L.Ed.2d 376 (1979). As a consequence, before the Court may grant relief from the protections of a Confidentiality Order, it must receive assurances "that intervening circumstances [have] obviated the potential prejudice" to the nonmoving party. *Id.;* see also, *Jochims v. Isuzu Motors, Ltd.,* 151 F.R.D. 338, 342 (S.D.Iowa 1993) ("[W]hen an attempt is made to amend or lift that protection, there must be a showing that intervening circumstances have obviated or eliminated any potential prejudice to the protected party."). Furthermore, Bagley's "requirement of a showing of intervening circumstances implicitly places the burden of making the showing on the party seeking to amend or lift the protective order." *Jochims v. Isuzu Motors, Ltd.,* supra at 342.

B. *Legal Analysis.* At its core, the issue before us is but a reverberation of a foreign dispute. The Defendant expresses concern that the pursuit of the truth, in a Dutch Court, may be thwarted by the absence of liberalized discovery, as it is practiced under the Federal Rules of Civil Procedure, and by the anticipated reluctance of the Dutch Court to allow the Defendant to utilize documents which, according to the Defendant, were admitted in a prior Dutch proceeding before the same Court. We think the dispute, therefore, is uniquely one to be resolved, in the first instance, in the Court in which the documents are intended to be offered. Nevertheless, we predicate our ruling on the Defendant's failure to demonstrate that circumstances have so changed, since we entered our Confidentiality Order, as to warrant relief from its provisions. Accordingly, the Defendant's Motion is denied.

■ Given the Record before us, which reveals a plethora of legal proceedings in which these parties are actively engaged, we have no reason to believe that reasonable foresight would not have forewarned the Defendant that the protections of our Confidentiality Order might begin to chafe in one foreign proceeding, or another. Here, consistent with their mutual agreement, the parties have disclosed information including, we understand, the confidential and proprietary knowledge of third-persons, on the assurance that the privileged information would not be publicly disclosed, or utilized for any purpose other than in this proceeding. If such protections are as fragile as the Defendant would suggest, then the vitality of Protective Orders would be seriously jeopardized.

Here, rather than to demonstrate a substantive basis for renting the protections of the Confidentiality Order, the Defendant suggests the need to provide sources of evidence which are otherwise unavailable under Dutch law. Notwithstanding that stated interest, we are confident that the judicial policies of the Dutch Courts will competently and effectively address the Defendant's concerns in a manner that is consistent with the principles and traditions of Dutch law. Accordingly, we have no occasion to here attempt to resolve the starkly conflicting averments of the parties' Dutch counsel, as those averments are best directed to the Dutch Courts for disposition. Therefore, finding no responsible basis upon which to grant the Defendant's requested relief, we deny the Motion to Modify Protective Order as without merit.

NOW, THEREFORE, It is—

ORDERED:

1. That the Defendant's Motion for Leave to File Supplemental Affidavit in Support of Motion to Modify Protective Order [Docket No. 77] is GRANTED.

2. That the Defendant's Motion to Modify Protective Order [Docket No. 69] is DENIED.